IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Michael Larron Joe, #270002, | ) | C.A. No. 0:05-1726-TLW-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| State of South Carolina, | ) | |
| Department of Corrections; and Henry McMaster, | ) | |
| Attorney General for South Carolina | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

The *pro se* petitioner, an inmate at the South Carolina Department of Corrections, seeks

*habeas corpus* relief under Title 28, United States Code, Section 2254. (Doc. # 1).  The respondents

filed a return and motion for summary judgment on October 3, 2005.  (Docs. # 6 and # 7).  Pursuant

to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised by Order filed

October 4, 2005 that he had thirty-four (34) days to file any material in opposition to the motion for

summary judgement.  (Doc. # 9).  Petitioner filed his response to the respondents' motion for

summary judgment on November 9, 2005.  (Doc. # 15).  Petitioner also filed a supplement to his

response on March 8, 2006.  (Doc. # 18).

This matter is now before the undersigned for review of the Report and Recommendation

("the Report") filed by United States Magistrate Judge Bristow Marchant, to whom this case had

previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.).  In

his Report, Magistrate Judge Marchant recommends that the respondents' motion for summary

judgment be granted, and that this petition be dismissed, with prejudice, for having been filed outside

1

the applicable statute of limitations. (Doc. # 19). Petitioner has filed objections to the Report. (Doc. # 20).

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed, de novo, the Report and the objections thereto. The Court accepts the Report.

**THEREFORE, IT IS HEREBY ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 19), petitioner's objections are **OVERRULED** (Doc. # 20); and respondents' motion for summary judgment is **GRANTED** (Doc. # 7) and this petition is **DISMISSED**.

**IT IS SO ORDERED.**

s/ Terry L. Wooten
**TERRY L. WOOTEN**
**UNITED STATES DISTRICT JUDGE**

April 18, 2006
Florence, South Carolina

2